UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JAMES COX,

Plaintiff(s),

v.

PNC BANK NATIONAL ASSOCIATION, et al.,

Defendant(s).

Case No. 2:15-CV-2294 JCM (GWF)

ORDER

Presently before the court is defendant PNC Bank, National Association's motion to dismiss. (ECF No. 4). *Pro se* plaintiff James Cox filed a response. (ECF No. 10). Defendant filed a reply. (ECF No. 11).

**I. Background**

On or about January 22, 2003, John Williams ("Williams") allegedly asked plaintiff if he would arrange for the purchase of five residential lots (the "Lots"). (ECF No. 10). Plaintiff agreed to help Williams in exchange for receiving one lot free and clear of any and all liens. *Id.* Furthermore, Williams Construction, Mr. Williams's company, allegedly agreed it would construct a house, on the agreed upon lot, for plaintiff at cost. *Id.* However, on or about July 21, 2005, Williams passed away and, on or about July 21, 2005, his children, Todd Williams ("Todd"), John Williams Jr. ("Williams Jr."), and Claudette Williams ("Claudette"), failed to honor the agreement. (ECF No. 10).

Instead, Williams Jr. and plaintiff allegedly entered into a new oral agreement. *Id.* The agreement stipulated that plaintiff would take a different lot, and Williams Construction would obtain a construction loan and build a 4,000 square-foot home on the newly agreed upon lot. *Id.*

Once construction was finished, plaintiff could either sell it or keep it at construction cost. *Id*. The subject construction loan was obtained for the lot from National City Mortgage, now PNC Bank, on or about May 10, 2007. *Id.* On or about October 1, 2007, National City Mortgage demanded that construction commence immediately. Otherwise, the loan would be in default, the interest rate would rise to 11.75%, and foreclosure proceedings would begin. *Id.*

Construction commenced immediately, and on or about October 7, 2007, National City Mortgage re-appraised the home. *Id.* The re-appraisal revealed that the value of the home had dropped by over $200,000. (ECF No. 10). National City Mortgage failed to disclose this information to either the plaintiff or William Jr. *Id.* Once construction on the house was finished, plaintiff proceeded to fix up the home by installing a variety of improvements. *Id.* In December 2008, the home value had dropped from $998,000 to $280,000. *Id.* As a result, National City Mortgage refused to discuss loan modifications with Williams Jr. and began foreclosure proceedings. *Id.* In response, Williams Jr. filed for chapter 11 bankruptcy. *Id.* Williams had never conveyed his interest in the property to plaintiff.

Williams Jr. became frustrated with chapter 11 proceedings and converted to a chapter 7 bankruptcy on October, 10 2014, without informing plaintiff. (ECF No. 10). This decision left the home and plaintiff's alleged interest therein unprotected. PNC Bank is the current holder of the deed of trust and loan at issue and is pursuing a foreclosure of plaintiff's home. *Id.* As a result, plaintiff filed a complaint for declaratory relief/quiet title pursuant to NRS 30.010. Subsequently, defendant filed a motion to dismiss for failure to state a claim on which relief can be granted because plaintiff's agreement violates the statute of frauds.

**II. Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-Iqbal pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated,

> "[f]irst, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."

*Id*.

**III. Discussion**

*A. Defendant PNC Bank's Motion to Dismiss*

Defendant argues that plaintiff's complaint should be dismissed because it is a real estate transaction without a written agreement and therefore violates the statute of frauds. Plaintiff, in his

opposition, does not dispute that the real estate transaction was an oral agreement rather than a written agreement; however, plaintiff alleges the statute of frauds argument is barred due to promissory estoppel. Defendant counters this argument by stating that the promissory estoppel exception does not apply because defendant was not a party to the original real estate transaction.

Nevada's Statute of Frauds requires any conveyance of an interest in real property to be evidenced by a written agreement. NRS 111.235 ("grants and assignments of existing trusts to be in writing or are void"); NRS 111.205 ("no estate created in land unless by operation of law or written conveyance"). However, part performance or estoppel is an exception to the statute of frauds:

> [t]he statute of frauds is intended for the protection of respective parties to a parol agreement. Whenever one party, confiding in the integrity and good faith of another, proceeds so far in the execution of a parol contract that he can have no adequate remedy unless the whole contract is specifically enforced, then equity requires such relief to be granted . . . .

*Schreiber v. Schreiber*, 663 P.2d 1189, 1190 (Nev. 1983).

This exception, however, is narrow and applies only to the parties of the agreements. *Zunino v. Paramore*, 435 P.2d 196, 197 (Nev. 1967). The court in *Zunino* stated: "To constitute estoppel; the party relying on it must be influenced by the acts or silence of the other and it must appeal that the acts or conduct of the party estopped caused the party relying to act as he would not have acted or he cannot complain that he was deceived to his prejudice." *Id*. Therefore, plaintiff can bring an estoppel claim only if he was relying on an agreement between himself and the defendant when he started part performance.

The court finds that the subject transaction is not in compliance with NRS 111.205 or NRS 111.235. Plaintiff never alleges there was a written agreement for the transaction of the lot; therefore, the agreement violates the statute of frauds. Furthermore, the court finds that the estoppel exception is not applicable because defendant was not a party to the original agreement and therefore plaintiff was not relying on or influenced by the acts of defendant. *See Zunino*, 435 P.2d at 197. Rather, plaintiff was relying on or influenced by the acts of Williams Jr. The complaint is therefore dismissed against defendant PNC Bank.

*B. No Proof of Service of Clear Recon Corporation*

Nothing in the record indicates that plaintiff has formally served the other defendant in this motion, Clear Recon Corporation, with the summons and complaint. Federal Rule of Civil Procedure 4(m) provides:

> i]f a defendant is not served within 120 days after the complaint is filed, the court − on motion or on its own after notice to the plaintiff − must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed.R.Civ.P. 4(m).

Therefore, the court puts plaintiff on notice that it must either provide proof of service or show good cause as to why service has not been made within seven days of entry of this order.

**III. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant PNC Bank's, N.A. motion to dismiss (ECF No. 4) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED, ADUDGED, AND DECREED that notice is hereby given that this action shall be dismissed without prejudice as to defendant Clear Recon, unless on or before seven (7) days after this order is entered plaintiff files with the clerk proof of service, which must have taken place prior to the expiration of the 120−day time limit set forth in Fed.R.Civ.P. 4(m), or good cause is shown as to why such service was not made in that period. Failure to comply with this notice shall result in automatic dismissal of the action without prejudice.

IT IS FURTHER ORDERED, ADUDGED, AND DECREED that plaintiff's complaint (ECF No. 1-1), be and the same hereby is, DISMISSED with respect to defendant PNC Bank, National Association only without prejudice.

DATED July 1, 2016.

James C. Mahan

UNITED STATES DISTRICT JUDGE