# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES COX, | Case No. 2:15-CV-2294 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| PNC BANK NATIONAL ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is defendant PNC Bank, National Association's ("PNC") September 21, 2016, motion to dismiss plaintiff James Cox's claims against it with prejudice. (ECF No. 18). Plaintiff has filed a response (ECF No. 21), and PNC has filed a reply (ECF No. 22).

Notably, this case is closed; the court has already dismissed the complaint, without prejudice, as to both PNC and its co-defendant. (ECF Nos. 14, 16). Specifically, PNC was dismissed from this action on July 1, 2016. *See* (ECF No. 14).

Federal Rule of Civil Procedure 41(b) states as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Plaintiff responds that the court ordered no specific timeframe for amending the complaint; there is no prejudice for allowing the present dismissal to stand; plaintiff was originally a *pro se* litigant; and he has filed a new lawsuit in Nevada state court on September 15, 2016, after retaining counsel. (ECF No. 21).

**James C. Mahan**
**U.S. District Judge**

PNC replies that its July 25, 2016, proposed order for its previous motion to dismiss put plaintiff on notice that he had 21 days to amend his complaint, pursuant to Federal Rule of Civil Procedure 15. (ECF No. 22). However, PNC's reply offers an inaccurate statement of law. *See* Fed. R. Civ. P. 15; *see also* (ECF No. 16 at 1 n.1). In fact, the court chose to develop its own order regarding the dismissal of plaintiff's complaint because it explicitly rejected this exact argument when reviewing PNC's July 25, 2016, proposed order dismissing it from the case. (ECF No. 16 at 1 n.1).

More concerning to this court is PNC's submission of this motion soon after a new complaint has purportedly been filed in state court. *See* (ECF No. 18) (lacking any mention of a new filing); *see also* (ECF No. 21).

It is generally for the later-involved court to decide whether an earlier judgment has a preclusive effect in subsequent litigation. *See Robi v. Five Platters, Inc.*, 838 F.2d 318, 327 (9th Cir. 1988) (discussing the "last in time" rule). Yet, as PNC explicitly noted in its motion and reply, "[d]ismissal under Rule 41(b) normally operates as an adjudication on the merits." *Hulbert v. Herring*, 972 F.2d 1339 (9th Cir. 1992); *see also* (ECF Nos. 18, 22).

This court will not endorse a strategic effort to seize the preclusion question from the state court. Plaintiff had a choice in this case: whether to submit an amended complaint to this court so that he could advance the present litigation. Instead, he elected to retain counsel and initiate a new suit in state court, leaving the instant case closed. *See* (ECF No. 21). The court finds that it is inappropriate to rule in PNC's favor on this motion and warns against any interpretation of this order as determining the preclusive effect of the instant litigation.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that PNC's motion to dismiss with prejudice (ECF No. 18) be, and the same hereby is, DENIED.

DATED April 24, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -